IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES A. HURSEY, *

v. * CIVIL ACTION NO. DKC-14-3285

J.P. MORGAN, et al., *

******

**MEMORANDUM OPINION**

On October 16, 2014, Petitioner Charles A. Hursey filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his conviction for first degree murder entered in 1999 in the Circuit Court for Charles County.[1] ECF No. 1. Respondents filed an Answer which solely addresses the timeliness of Petitioner's application. ECF No. 3. Petitioner was advised of his opportunity to file a reply. ECF No. 5. This he has done. ECF No. 6.

On February 22, 1999, Petitioner pled guilty in the Circuit Court for Charles County, Maryland to first degree murder. ECF No. 1-1, p. 2. He was sentenced on April 14, 1999, to life imprisonment. ECF No. 3-1, p. 4. Petitioner did not file an application for leave to appeal the entry of his guilty plea and sentence. ECF No. 3-1. Accordingly, his convictions became final on May 14, 1999, when the time for seeking leave to appeal expired. *See* Md. Code Ann., Cts & Jud. Proc. Art., 12-302(e) (1999) (means for appealing guilty plea is by application for leave to appeal); Md. Rule 8-204(b) (application for leave to appeal to be filed within 30 days of entry of judgment or order from which appeal is sought).

Petitioner filed a motion for reconsideration of sentence on June 17, 1999, which was held in abeyance by the court. ECF No. 3-1, p. 4. On April 19, 2011, he requested the motion be reactivated. *Id*., p. 12. The motion was denied on September 28, 2011. *Id.*

[1] The Petition, received on October 16, 2014, is dated October 14, 2014, and is deemed filed on that date.

On December 22, 2008, Petitioner submitted a collateral attack on his conviction pursuant to the Maryland Uniform Post-Conviction Procedure Act, Md. Code Ann., Crim. Pro. § 7-102, *et seq*. *Id.*, p. 5. On July 24, 2009, the court granted Petitioner leave to file a belated application for review of sentence pursuant to Md. Rule 4-344. *Id.*, p. 9. The post-conviction petition was denied in all other respects. *Id.* Petitioner's application for leave to appeal the denial of post-conviction relief was denied by the Court of Special Appeals on June 28, 2010. The court's mandate issued on July 28, 2010. ECF No. 3-2.

On October 22, 2012, Petitioner filed a motion to correct an illegal sentence. ECF No. 3-1, p. 12. The motion was held in abeyance. On October 3, 2014, Petitioner requested to reactivate his motion to correct an illegal sentence. *Id*.

Title 28 U.S. C. § 2244(d)[2] provides a one-year statute of limitations in non-capital cases for those convicted in a state case. This one-year period is, however, tolled while properly filed

---

[2] This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

post-conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2). *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *Gray v. Waters*, 26 F. Supp. 771, 771-72 (D. Md. 1998).

The statute of limitations began to run in Petitioner's case on May 14, 1999 and expired one year later, on May 15, 2000. Petitioner had no pending post-conviction or other collateral proceedings pending during this time which would have tolled the limitations period. Petitioner's motion for reconsideration of sentence under Maryland Rule 4-345, filed on June 17, 1999, and held in abeyance until Petitioner moved for the motion to be reactivated on April 19, 2011, did not toll the limitations period.[3] In *Wall v. Kohli*, 562 U.S. 545, 131 S. Ct. 1278 (2011), the Supreme Court considered whether a motion to reduce sentence filed pursuant to Rhode Island law operated to toll the one-year limitation period for filing a federal habeas petition within the meaning of 28 U.S.C. §2244(d)(2). The Court held that "the phrase 'collateral review' in §2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review." *Kohli*, 131 S. Ct. at 1281. Under Rhode Island law, the post-judgment motion required judicial re-examination of the judgment and appellate review was available.

In applying the rules announced in *Kohli* to Maryland law, this court has held that a motion for reconsideration filed pursuant to Maryland Rule 4-345 does not meet the criteria for tolling as outlined in *Kohli*. *See Tasker v. State*, Civil Action No. AW-11-1869 (D. Md. Jan. 31, 2013), *aff'd*, 517 Fed. Appx. 172 (4th Cir. 2013). This court found the Maryland scheme for filing such motions distinguishable from Rhode Island law. Specifically, Maryland motions for modification do not serve indefinitely to toll the limitations period set forth under 28 U.S.C.

[3] Even if this motion could be deemed to toll the limitations period, the motion was denied on September 28, 2011, and Petitioner did not file any other collateral motions for over one year (October 22, 2012) when he filed a motion to correct an illegal sentence.

§2244(d) because they involve a request for leniency, are not subject to appellate review, and do not raise cognizable federal claims requiring exhaustion. *See Tasker; see also Roberts v. State of Maryland*, Civil Action No. JKB-11-1227 (D. Md. Oct. 29, 2013).[4]

In *Holland v. Florida*, 560 U.S. 631 (2010), the Supreme Court concluded that equitable tolling applies to the AEDPA's statute of limitations. *Id*. at 633. Specifically, the Court found that in order to be entitled to equitable tolling, the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id*. at 649. The question of whether equitable tolling applies hinges on the facts and circumstances of each particular case. *See Harris v. Hutchinson*, 209 F.3d 325, 329-30 (4th Cir. 2000).[5]

Petitioner states that his claim should not be time barred because he has been diligently pursing his rights. ECF No. 6, p. 2. Petitioner further indicates that he has a learning disability and difficulty reading. *Id*. He indicates that his "substance abuse diagnosis and mental health status, again lend[] support to the special circumstances that exist in the instant case." *Id*.

In support of his arguments, Petitioner provides a handwritten letter dated October 31, 1991, from Gaela Young, ABE/GED Teacher, which indicates that at that time Petitioner's reading level was over a 6th grade level. The letter noted that he was on the "literacy list" which might assist him in getting "over some of the rough spots of [his] reading struggle." ECF No. 6-2, p. 1. The letter further indicates that Petitioner is "very likely" suffering from "some learning disability." *Id*., p. 3. The nature and extent of that disability is not explained, nor is there any information about Young's qualification to offer such an opinion. Courts have rejected

---

[4] *See also* ECF No. 4.

[5] *See also Lusk v. Ballard*, 2010 WL 3061482 (N.D.W. Va. 2010) (holding Fourth Circuit's test for equitable tolling, as set forth in *Harris*, remains virtually unchanged after *Holland*.)

"illiteracy" as a basis for equitable tolling. *See Turner v. Johnson*, 177 F. 3d 390, 392( 5th Cir. 1999) (difficulty navigating legal process as a result of illiteracy not an extraordinary circumstance sufficient to trigger equitable tolling); *Jackson v. United States*, 2009 WL 5171869 (MD.N.C. 2009) (citing *Turner* in finding learning disability insufficient to trigger equitable tolling).

Petitioner has also provided a letter from the Maryland Division of Parole and Probation, dated March 30, 1999, which indicates that Petitioner participated in mental health treatment while housed at the Charles County Detention Center. ECF No. 6-3. After evaluation on May 15, 1997, he was diagnosed as suffering from acute situational reaction, polysubstance abuse (crack cocaine and alcohol) and personality disorder, NOS-sociopathic features. *Id*.

"As a general matter, the federal courts will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *United States v. Sosa*, 364 F.3d 507, 513 (4th Cir. 2004) (citing *Grant v. McDonnell Douglas Corp*., 163 F.3d 1136, 1138 (9th Cir. 1998) (finding equitable tolling based on mental condition to be appropriate "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence")). Nothing in the record indicates that Petitioner suffered from a profound mental incapacity, was institutionalized, or was determined to be mentally incompetent during the relevant time. He identifies a psychiatric diagnosis and a history of drug abuse, but cannot show that these conditions were so severe as seriously to affect his ability to pursue his legal rights during the relevant time period. *See Carringer v. U.S*. 2008 WL 2568153 *3 (W.D.N.C. 2008) (no equitable tolling based on drug addiction as even if drug addiction rendered Petitioner so mentally incompetent that Petitioner could not manage his own affairs, it was Petitioner's drug

addiction, not circumstances external to his own conduct, which precluded the timely filing of the petition).

Petitioner has offered no evidence that any of the alleged deficiencies precluded him from pursuing his state post-conviction proceedings in a timely manner so as to preserve his right to federal review. Petitioner's vague statements regarding learning disabilities, psychiatric diagnosis, and substance abuse, are insufficient to demonstrate that the alleged deficiencies prevented him from pursing a timely petition. Petitioner has failed to meet his burden of proof to justify equitable tolling by showing that "circumstances beyond his control" prevented him from filing a timely Petition. Additionally, Petitioner's factual assertions fail to demonstrate he diligently pursued his rights and his long delay in filing for state post-conviction relief weighs against a finding that he was duly diligent.

To the extent Petitioner claims he was unaware of the federal statute of limitations, such a claim is not the type of extraordinary circumstance which would justify equitable tolling. *See Barrow v. New Orleans S.S. Ass'n*, 932 F. 2d 473, 478 (5th Cir. 1991) (refusing to apply equitable tolling where the delay in filing was the result of petitioner's unfamiliarity with the legal process or his lack of legal representation). In short, the court does not find Petitioner's arguments for equitable tolling compelling. *See Rouse v. Lee*, 339 F.3d 238, 248-249 (4th Cir. 2003) (negligent mistake by party's counsel in interpreting AEDPA statute of limitations does not present extraordinary circumstances warranting equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000) (*pro se* status does not establish sufficient ground for equitable tolling); *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that warrant equitable tolling); *Francis v. Miller*, 198 F.Supp.2d 232, 235 (E.D. N.Y. 2002) (ignorance of the

law and legal procedure is not so exceptional as to merit equitable tolling). Therefore, the Petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

Under the amendments to Rule 11(a) of the Rules Governing Proceedings under Section 2254 "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant…If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a certificate of appealability as required under the Rules Governing Section 2254 Petitions in the United States District Courts.

A separate Order follows.

March 26, 2015
Date

/s/
DEBORAH K. CHASANOW
United States District Judge